JOHN WALSHE MURRAY (074823)
ROBERT A. FRANKLIN (091653)
JENNY LYNN FOUNTAIN (226241)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: jwmurray@murraylaw.com
Email: rfranklin@murraylaw.com
Email: jlfountain@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**ANDRONICO'S MARKETS, INC.**,<br>A California Corporation, aka<br>Andronico's Community Markets,<br><br>Debtor.<br><br>1200 Irving Street<br>San Francisco, CA 94122<br><br>Employer Tax I.D. No.: 94-1307395 | Case No. 11-48963-EDJ-11<br><br>Chapter 11<br><br>[*No Hearing Requested*] |

**EX PARTE APPLICATION OF DEBTOR FOR ORDER AUTHORIZING
AND APPROVING EMPLOYMENT OF FINANCIAL ADVISOR**
(BAILEY, ELIZONDO & BRINKMAN, LLC)

**TO: THE HONORABLE EDWARD D. JELLEN, UNITED STATES BANKRUPTCY JUDGE:**

1. The EX PARTE APPLICATION OF DEBTOR FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF FINANCIAL ADVISOR (the "Application") of Andronico's Markets, Inc., a California corporation, also known as Andronico's Community Markets, the debtor and debtor in possession herein (the "Company" or the "Debtor") respectfully requests authority to employ Bailey, Elizondo & Brinkman, LLC ("BEBLLC") as its financial advisor in this case for the matters, and pursuant to the terms, set forth and described in the engagement agreement entered into

on or about August 18, 2011 (the "Engagement Agreement"), by and between the Debtor and BEBLLC, a true and correct copy of which is attached as **Exhibit "A"** to the DECLARATION OF WILLIAM R. BRINKMAN IN SUPPORT OF EX PARTE APPLICATION OF DEBTOR FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF FINANCIAL ADVISOR ("Brinkman Declaration") filed concurrently herewith and by this reference incorporated herein. In support of this Application, the Debtor respectfully represents as follows.

2. The Bankruptcy Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought in this Application is 11 U.S.C. (the "Bankruptcy Code") § 327(a) and Federal Rule of Bankruptcy Procedure 2014.

## I. SCOPE OF SERVICES

3. The Debtor is currently in need of a financial advisor to assist it in (a) a sale transaction as contemplated by the Debtor, (b) obtaining and maintaining debtor-in-possession financing from Renwood Andronico Lending 1, LLC in order to continue its business operations, and (c) the other matters set forth and described in the Engagement Agreement.

4. BEBLLC has agreed to provide the following services for the Debtor:

a) Advise the Company with regards to restructuring actions as the Company commences and prosecutes a case under Chapter 11 of the Bankruptcy Code, including assisting in the preparation of the petition, motions, applications, lists, schedules, statements, plans, forms or any other document or analysis reasonable and necessary as part of the Chapter 11 case;

b) Market the Company, and its assets, for sale, and evaluate the Company's strategic options including the sale or reorganization of the Company in the Chapter 11 case;

c) Advise the Company and the Debtor's Board of Directors with respect to all aspects of the restructuring of the Company;

d) Advise the Company with regards to capital structure including shareholder, lender, supplier, creditor, lender and leasing contracts or agreements, as well as documentation for any other significant transaction;

e) Assist in the sizing and negotiations in the debtor-in-possession financing;

2

EX PARTE APPLICATION OF DEBTOR FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT ...

Case 11-48963    Doc# 116    Filed: 09/06/11    Entered: 09/06/11 22:58:36    Page 2 of 7

f) Provide additional financial analysis as needed to support business decisions; and

g) Meet with the Debtor's Board of Directors and other appropriate parties to review the Company's progress and clarify any issues, if necessary.

## II. ELIGIBILITY AND DISINTERESTEDNESS

5. BEBLLC is a professional services firm that performs consulting and advisory services, specializing in bankruptcy, insolvency and reorganization matters. Accordingly, BEBLLC believes it is well qualified to represent the Debtor as its financial advisor. Attached as **Exhibit "B"** to the Brinkman Declaration, and incorporated herein by reference, are the resumes of the financial professionals of BEBLLC.

6. To the best of the Debtor's knowledge, information, and belief, BEBLLC is disinterested as contemplated in Section 101(14) of the Bankruptcy Code as follows:

a. Neither BEBLLC nor any officer, director, shareholder, associate, or employee of BEBLLC is a creditor, an equity security holder, or an "insider" of the Debtor as that term is defined in Section 101(31) of the Bankruptcy Code;

b. Neither BEBLLC nor any officer, director, shareholder, associate, or employee of BEBLLC was ever a director, officer, or employee of the Debtor; and

c. Neither BEBLLC nor any officer, director, shareholder, associate, or employee of BEBLLC has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

7. BEBLLC has conducted its conflicts and connections review based upon lists of creditors and other parties in interest provided by the Debtor. BEBLLC represents that it does not hold or represent an interest adverse to the estate, is disinterested and, with the exception of its pre-petition retention by the Debtor and the connection as set forth below, has no connection with the Debtor, its creditors, any other party in interest, its attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee:

a. Murray & Murray, A Professional Corporation ("Murray & Murray") is the Debtor's proposed bankruptcy counsel in the Chapter 11 case. Murray & Murray and BEBLLC

RRL
R:\Andronico's\Plt\Employment\Brinkman App v1.docx

3

EX PARTE APPLICATION OF DEBTOR FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT ...

Case: 11-48963    Doc# 116    Filed: 09/06/11    Entered: 09/06/11 22:58:36    Page 3 of 7

concurrently represented a mutual client in the 2005 – 2007 time frame in a matter wholly unrelated to the Debtor and the Chapter 11 case. BEBLLC believes that this is a "connection" only and does not create or otherwise give rise to a conflict of interest in its representation of the Debtor in the Chapter 11 case. BEBLLC believes that there are no actual or reasonably foreseeable adverse consequences to the Debtor or the bankruptcy estate by virtue of the above-mentioned connection.

### III. TERMS OF EMPLOYMENT

8. The Debtor has agreed with BEBLLC, subject to this Court's approval, that BEBLLC shall be employed on an hourly basis, as detailed below. Moreover, as set forth and described in the Engagement Agreement, upon the commencement of the Chapter 11 case, BEBLLC will have the right to move the Bankruptcy Court for an order approving an interim compensation procedure allowing the Company to pay advisory fees and costs on a monthly basis, and if such interim compensation procedure is approved by the Bankruptcy Court, such fees and costs shall be so paid within ten (10) days of the Company's receipt of BEBLLC's invoice. In the event that BEBLLC does not so move the Bankruptcy Court or the Bankruptcy Court does not approve such an interim compensation procedure, BEBLLC will have the right to apply to the Bankruptcy Court for advisory fees and costs pursuant to the provisions of the Bankruptcy Code, which authorizes applications for such interim compensation to be submitted once every one hundred and twenty (120) days, or more frequently if authorized by the Bankruptcy Court.

   a. <u>Hourly Rates</u>. The Debtor has agreed that BEBLLC, subject to the approval of the Bankruptcy Court, shall be employed on an hourly basis, with compensation for services and reimbursement of expenses to be paid pursuant to Sections 328, 330, 331, 503, and 507 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules for the United States Bankruptcy Court for the Northern District of California, and the Bankruptcy Court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees promulgated by the United States Bankruptcy Court for the Northern District of California ("<u>Guidelines</u>"). BEBLLC's fees will be billed in minimum increments of one-tenth (1/10th) of an hour pursuant to the Guidelines.

   The current hourly rates of the BEBLLC professionals are as follows:

Case: 11-48963   Doc# 116   Filed: 09/06/11   Entered: 09/06/11 22:58:36   Page 4 of 7

-4-   EX PARTE APPLICATION OF DEBTOR FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT ...

| | |
|---|---|
| Principals | $350 |
| Directors | $275 - $325 |
| Associates | $175 - $225 |
| Staff and Admin | $75 - $125 |

  b. <u>Expenses</u>. The Debtor has also agreed that BEBLLC shall be reimbursed for its expenses incurred in connection with this case. All costs and expenses will be charged at BEBLLC's actual cost.

  c. <u>Security Retainer</u>. The Debtor has paid BEBLLC a security retainer (i.e., a retainer held as security for payment of fees for future services to be rendered by BEBLLC in the Chapter 11 case) of $175,000 (the "<u>Chapter 11 Security Retainer</u>") for its representation of the Company in the Chapter 11 case. The Debtor has granted to BEBLLC a security interest in the Chapter 11 Security Retainer. With possession of these funds, and pursuant to Section 9313 of the California Commercial Code, BEBLLC holds a valid, perfected and senior security interest in the Chapter 11 Security Retainer. The Chapter 11 Security Retainer shall be deemed a client trust fund to be held in BEBLLC's client trust account subject to a repayment obligation if not fully earned. BEBLLC will not draw down against the Chapter 11 Security Retainer except as authorized by the Court.

  d. <u>Payments</u>. In the year prior to the commencement of the case, BEBLLC received the following payments from the Debtor:

| **PAYMENT DATE** | **AMOUNT** |
|---|---|
| February 22, 2011 | $14,910 |
| March 16, 2011 | $15,120 |
| April 4, 2011 | $18,445 |
| April 22, 2011 | $33,075 |
| May 26, 2011 | $50,085 |
| June 17, 2011 | $64,295 |
| July 11, 2011 | $68,355 |
| July 25, 2011 | $76,125 |
| August 10, 2011 | $58,660 |
| August 18, 2011 | $62,125 |
| August 18, 2011 | <u>$160,000</u> |
| TOTAL | $621,195 |

  9. Other than as set forth above, there is no proposed arrangement between the Debtor and BEBLLC for compensation to be paid in this case, and no agreement exists for the sharing of

5

compensation awarded by the Bankruptcy Court, except that such compensation will be shared among the members and employees of BEBLLC.

10. The Debtor furthermore agrees to the material terms, as set forth in the Engagement Agreement, which may be summarized as follows:

   a. Prior to the Petition Date, the Company shall indemnify and hold harmless BEBLLC and its personnel from and against any claims, liabilities, costs and expenses (including without limitation, attorneys' fees and the time of BEBLLC's personnel involved) brought against, paid or incurred by BEBLLC at any time and directly arising out of or relating to BEBLLC's services under the Engagement Agreement, except to the extent finally determined to have resulted from the gross negligence or willful misconduct of BEBLLC's personnel. This provision survives the termination of the Engagement Agreement for any reason.

   b. If any legal action, arbitration or proceeding is initiated concerning the terms and provisions of the Engagement Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and other costs incurred in such action, arbitration or proceeding. Notwithstanding the foregoing, the Bankruptcy Court shall have exclusive jurisdiction over all such actions or proceedings.

   c. The Company may discharge BEBLLC at any time. BEBLLC may withdraw from its engagement at any time. Upon discharge of, or withdrawal by, BEBLLC and termination of the Engagement Agreement, any balance of the Chapter 11 Security Retainer may be applied to all of BEBLLC's accrued but unpaid fees and costs subject to the Bankruptcy Court's approval and authorization. Any amount of the Chapter 11 Security Retainer remaining thereafter will be returned to the Company.

11. The Debtor requests that the employment of BEBLLC be effective as of the Petition Date.

**WHEREFORE**, the Debtor prays that this Bankruptcy Court enter its Order:

   1. Approving the Application;

   2. Authorizing and approving the employment of BEBLLC effective as of the Petition Date, as the Debtor's financial advisor in aid of these proceedings, for the matters and upon

RRL
R:\Andronico\PLD\Employment\Brinkman App v10.doc

6

EX PARTE APPLICATION OF DEBTOR FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT ...

Case: 11-48963    Doc# 116    Filed: 09/06/11    Entered: 09/06/11 22:58:36    Page 6 of 7

the terms and conditions set forth herein and in the Engagement Agreement; and

        3.     For such other and further relief as the Bankruptcy Court deems just and proper.

Dated: September 6, 2011

                                  */s/ William J. Andronico*
                                  William J. Andronico
                                  Chief Executive Officer

**MURRAY & MURRAY**
A Professional Corporation

*/s/ John Walshe Murray*
John Walshe Murray
Attorneys for Debtor