Entered on Docket
September 08, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: September 08, 2011

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

1  JOHN WALSHE MURRAY (074823)
DORIS A. KAELIN (162069)
2  JENNY LYNN FOUNTAIN (226241)
MURRAY & MURRAY
3  A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
4  Cupertino, CA 95014-2548
Telephone:  (650) 852-9000; (408) 907-9200
5  Facsimile:  (650) 852-9244
Email:  jwmurray@murraylaw.com
6  Email:  dkaelin@murraylaw.com
Email:  jlfountain@murraylaw.com

7

8  Attorneys for Debtor

9

10             UNITED STATES BANKRUPTCY COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13  In re:                              )
                                        )
14  **ANDRONICO'S MARKETS, INC.,**      )    Case No. 11-48963-EDJ-11
      A California Corporation, aka     )
15    Andronico's Community Markets,    )         Chapter 11
                                        )
16            Debtor.                   )    Date:     September 8, 2011
                                        )    Time:     9:30 a.m.
17        1200 Irving Street            )    Place:    United States Bankruptcy Court
      San Francisco, CA 94122          )              1300 Clay Street, Courtroom 215
18                                      )              Oakland, CA  94612
      Employer Tax I.D. No.: 94-1307395 )    Judge:  Honorable Edward D. Jellen
19                                      )

20

21          ORDER APPROVING OVERBID PROCEDURES AND
22       MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTOR

23          Upon the MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS

24  RE SALE OF CERTAIN ASSETS OF THE DEBTOR (as amended orally at the hearing, the "Motion") filed

25  with the Court (the "Court" or the "Bankruptcy Court") on August 24, 2011 by Andronico's

26  Markets, Inc., the debtor and debtor in possession herein (the "Debtor") for entry of an order (the

27  "Bid Procedures Order") (a) approving certain bid procedures (as amended prior to the hearing, the

28

"Bid Procedures") in connection with the sale (the "Sale") of the Debtor's Purchased Assets[1], (b) designating Renwood Andronico Lending 1, LLC (or its designee) ("Renwood") as the Stalking Horse Purchaser (the "Stalking Horse Purchaser"), (c) approving the payment of the Breakup Fee to Renwood in accordance with the terms and conditions of the Purchase Agreement and as set forth in this Order, (d) establishing and approving the procedures to determine, and the manner of notice with respect to, the amounts to be paid and actions to be taken to cure defaults, if any, under the executory contracts and unexpired leases to be assumed by the Debtor and assigned to the Successful Bidder in connection with the Sale, (e) approving the manner of notice of the proposed Sale, the Bid Procedures, and the Sale Hearing, and (f) scheduling a Sale Hearing to include an auction (the "Auction") in connection with the Sale; the Motion having come on for hearing before the Court pursuant to an order shortening time on August 31, 2011 at 3:30 p.m. which hearing was continued to September 8, 2011 before the Honorable Edward D. Jellen, United States Bankruptcy Judge; the SECOND DECLARATION OF DORIS A. KAELIN IN SUPPORT OF MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTOR having been filed on September 8, 2011 (the "Kaelin Declaration") attaching as Exhibit "A" thereto the proposed revised bid procedures following a meet and confer among the Debtor, the Official Committee of Unsecured Creditors (the "Committee"), and Renwood. The Debtor appeared by John Walshe Murray of Murray & Murray, A Professional Corporation; Renwood appeared by counsel Steven M. Hedberg of Perkins Coie LLP; the Committee appeared by counsel David A. Honig of Winston & Strawn LLP; other appearances, if any, were as noted in the record; the Court having determined that, to the extent set forth herein, the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors and other parties in interest; due and appropriate notice of the hearing on the Motion and the relief requested therein was provided by the Debtor pursuant to Court's order shortening time; and after consideration of the Motion to the extent of the relief granted herein, and the remainder of the record herein, and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and/or the Bid Procedures.

DAK
G:\...\Andronico\plan\overbid-bid-procedures\ordrv9.doc

ORDER APPROVING OVERBID PROCEDURES AND RELATED
MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTOR.

-2-

**FOUND, CONCLUDED, AND DECLARED THAT:**[2]

1.      This Court has jurisdiction over this matter and over the property of the Debtor and its estate pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Good and sufficient notice of the Motion and the relief sought therein has been given. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to parties in interest, and no other or further notice is required under the circumstances.

3.      The Bid Procedures were proposed in good faith, are fair, reasonable and appropriate and are designed to maximize the value of the Debtor's Purchased Assets.

4.      Approval of the Break-Up Fee is a necessary and appropriate inducement to the Renwood to (i) make the initial offer that serves as the "floor" for further bidding, and (ii) negotiate and enter into the Purchase Agreement.

5.      Absent the Breakup Fee, the Minimum Initial Bid, and the Overbid Increment, the Debtor may lose the opportunity to obtain the highest and best available offer for the Purchased Assets and the protections afforded by the Purchase Agreement.

6.      The Debtor has have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the Bid Procedures and has demonstrated sound business justification to support such relief.

7.      The entry of this Bid Procedures Order is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

8.      The relief requested in the Motion is granted, to the extent set forth herein.

9.      Any objections to the entry of this Bid Procedures Order that have not been withdrawn, waived, resolved or settled, and all reservations of rights included therein, are hereby overruled.

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

**Bid Procedures**

10.     The Bid Procedures, as set forth in Exhibit A to the Kaelin Declaration, are hereby approved in their entirety, and shall apply to the proposed Sale in all respects.  The Debtor is authorized to take any and all actions necessary to implement the Bid Procedures.

11.     As set forth in the Bid Procedures, Potential Bidders shall be required to execute a confidentiality agreement (unless previously delivered) in form and substance reasonably acceptable to the Debtor; that includes, *inter alia*, provisions setting forth the authorized use of confidential information and, where appropriate, the creation of appropriate information walls, which confidentiality agreement shall be no less protective of the Debtor's confidential information than the confidentiality agreement executed by Renwood.

12.     The failure in this Bid Procedures Order to include specifically or reference any particular provision, section or article of the Bid Procedures shall not diminish or impair the effectiveness of the Bid Procedures, it being the intent of this Court that the Bid Procedures be authorized and approved in their entirety and are incorporated herein by reference.

**Breakup Fee**

13.     Renwood is designated as the stalking horse purchaser.  The Debtor is hereby authorized to pay Renwood a breakup fee in the amount of $250,000 (the "Breakup Fee").  The Debtor shall be authorized to pay the Breakup Fee in accordance with the terms set forth in the Purchase Agreement.  The Breakup Fee shall be treated as an administrative expense claim in the Bankruptcy Case payable solely from and secured by a first priority lien on sale proceeds and any Sale Deposit under Section 364(d) of the Bankruptcy Code.  As set forth in the Purchase Agreement, the Breakup Fee shall be paid to Renwood at the Closing of such sale or disposition of the Sale Deposit prior to the payment of the proceeds of such sale to any third party asserting a lien on the Purchased Assets, and shall be free and clear of any such lien.

14.     The obligation of the Debtor to pay to the Breakup Fee shall be taken into account in the Debtor's determination of the highest and best bid in each round of bidding.  Renwood, to the extent it participates in the Auction, shall receive a credit equal to the Initial Credit Bid Amount, any amounts bid in excess of the Initial Credit Bid Amount (only up to the full amount of the

DAK
C:\aldomado\phb\overbid-procedures-order-v9.docx

Case 11-48963    Doc# 129    Filed: 09/08/11    Entered: 09/08/11 15:21:45    Page 4 of 9

4

ORDER APPROVING OVERBID PROCEDURES AND RELATED
MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTOR.

Prepetition Debt and the DIP Facility), and the Break-Up Fee in each round of bidding when bidding at the Auction.

**The Auction and Sale Hearing**

15. The Auction shall take place at the Sale Hearing which is hereby scheduled for October 13, 2011 at 9:00 a.m. (Pacific time).

16. In the event the Debtor does not receive by 5:00 p.m. (Pacific time) on **October 7, 2011** (the "Bid Deadline") at least one Qualified Bid for the Purchased Assets, other than the Purchase Agreement, Renwood will be deemed the Successful Bidder and the Debtor will seek approval of its sale to Renwood pursuant to the Purchase Agreement at the Sale Hearing.

**Notice of Bid Procedures and Sale Motion**

17. As soon as practicable following entry of this Bid Procedures Order and not less than twenty-eight (28) days prior to the Sale Hearing, the Debtor shall cause the Sale Notice and a copy of this Bid Procedures Order and the approved Bid Procedures to be sent by first-class mail, postage-prepaid, to all persons on the Sale Mailing List; provided that potential bidders may be served by email where an email address is available.

18. Not later than twenty-eight (28) days prior to the Sale Hearing, in addition to the Sale Mailing List, the Debtor shall cause the Sale Notice to be sent by first-class mail, postage-prepaid, to all persons on the Debtor's creditor matrix, all persons who have filed proofs of claim, and persons who have filed a request for special notice in the case.

19. The Debtor is authorized to use the service lists maintained by its counsel for all mailings contemplated hereunder (rather than the Court's mailing matrix) in satisfaction of the requirements of Bankruptcy Local Rule 2002-1(c); and provided further, the Debtor may use, in addition to the Court-appointed notice agent, an outside copy service of its choosing to handle the duplication and mailing of all pleadings to be mailed in connection with the Sale, utilizing the service lists maintained by Debtor's counsel. Payment to the notice agent and/or any such outside service company utilized by the Debtor shall be in accordance with the Debtor's cash collateral budget with Renwood.

/ / /

Case 11-48963    Doc# 129    Filed: 09/08/11    Entered: 09/08/11 15:21:25    Page 5 of 9

**Notice of Assumption Motion**

20.    As soon as practicable following entry of this Bid Procedures Order and not less than twenty-eight (28) days prior to the Sale Hearing, the Debtor shall cause the Assumption Notice to be served on the Sale Mailing List, via first class mail, with an attached schedule setting forth the Cure Amounts; provided that potential bidders may be served by email where an email address is available. If no Cure Amount is listed, the Debtor shall state in the notice that it believes that there is no Cure Amount owing to the party to such executory contract or unexpired lease.

**Moving Papers (Bid Procedures, Sale Motion and Assumption Motion)**

21.    As soon as practicable following entry of this Bid Procedures Order and not less than twenty-eight (28) days prior to the Sale Hearing, the Debtor shall cause service of the pleadings in support of the Sale Motion (which shall include as exhibits, the Purchase Agreement (excluding any confidential exhibits or schedules), the Assumption Motion, and all declarations in support thereof, by first class mail (except as noted at Paragraph 21(e)) upon (a) the Office of the United States Trustee for the Northern District of California, Oakland Division; (b) counsel for Renwood; (c) the Committee and its counsel; (d) all entities (or counsel therefor) known to have asserted any lien, claim, encumbrance, right of refusal, or other property interest in or upon the Debtor or the Purchased Assets, including parties with PACA claims; (e) all persons that have expressed a bona fide interest in acquiring the Purchased Assets or that the Debtor believes may be interested in submitting a competing bid for assets of the Debtor (who may be served by email where an email address is available); (f) the Internal Revenue Service and all state and local taxing authorities; (g) all entities who have filed a notice of appearance and request for service of papers in this case; and (h) all non-debtor parties to the Assumed Contracts.

**Objection Bar Dates**

22.    Objections, if any, to the Sale, must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Northern District of California, Oakland Division, 1300 Clay Street, 3rd Floor, Oakland, California 94612, on or before **September 29, 2011**, and (d) be served no later than **September 29, 2011** upon (a) Debtor's counsel, John Walshe Murray of Murray & Murray, A

Professional Corporation, 19400 Stevens Creek Boulevard, Suite 200, Cupertino, CA 95014,
facsimile (650) 852-9244, email: jwmurray@murraylaw.com; (b) counsel for the Buyer, Jeanette L.
Thomas of Perkins Coie LLP, 1120 N.W. Couch Street, Tenth Floor, Portland, OR 97209, facsimile
(503) 346-2075; email: jthomas@perkinscoie.com; (c) the Office of the United States Trustee, Attn:
Lynette Kelly, 1301 Clay Street, Suite 690N, Oakland, CA 94612, facsimile (510) 637-3220; email:
lynette.c.kelly@usdoj.gov; and (d) counsel for the Committee, David A. Honig, Winston & Strawn
LLP, 101 California Street, Suite 3900, San Francisco, CA  94111, facsimile (415) 591-1400, email:
dhonig@winston.com (the foregoing are collectively referred to as the "Service Parties").

23.     The non-debtor parties to the Assumed Contracts shall have until **September 29,
2011** (the "Cure Bar Date") (a) to object to the assumption and assignment of any of the Assumed
Contracts, (b) to object to the amount of the Cure Amounts, or (c) to assert that non-monetary
defaults, conditions or pecuniary losses or other amounts must be cured or satisfied (including all
compensation for any pecuniary loss resulting from a default in respect of the Assumed Contracts)
under any of the Assumed Contracts in order for such Assumed Contracts to be assumed and
assigned.  Such party must file and serve an objection upon the Service Parties setting forth (i) the
basis for the objection (non-monetary or otherwise), and, if applicable, (ii) the amount the party
asserts as the cure amount and/or the amount of all compensation for any actual pecuniary loss
resulting from a default in respect of the Assumed Contracts (with appropriate documentation in
support thereof).  If no objection is received by the Cure Bar Date, the Cure Amounts attached to the
Assumption Notice shall be controlling as to the amount necessary to be paid to cure under §
365(b)(1)(A) and (B) notwithstanding anything to the contrary in any Assumed Contract or other
document, and the non-debtor party to the Assumed Contract shall be forever barred from asserting
any claims for the Cure Amount against the Debtor, Renwood, or such other purchaser of the
Purchased Assets through the effective date of the assumption and assignment in respect of such
Assumed Contract, and each party to any Assumed Contracts shall be deemed to have consented to
the assumption and assignment of the Assumed Contract to Renwood or any other purchaser of the
Purchased Assets.

24.     The failure of any person to file its objection timely and in accordance with the

requirements of this Bid Procedures Order shall bar the assertion at the Sale Hearing or thereafter of any objection to either the Sale Motion or the Assumption Motion and the Debtor's consummation and performance of the Purchase Agreement, including the sale and transfer of any of the Debtor's assets free and clear of any and all liens, claims and encumbrances (other than permitted encumbrances provided for expressly in the Purchase Agreement or alternative purchase agreement entered into with the Successful Bidder). Notwithstanding anything herein to the contrary, (a) if any non-debtor party to an Assumed Contract (a "Contract Counterparty") is not satisfied with the showing of adequate assurance of future performance by any Qualified Bidder by the Sale Hearing, then the Contract Counterparty shall have the right to raise that objection to the Assumption Motion prior to the Auction at the time of the Sale Hearing.

### Additional Provisions

25. Service of the notices described herein on the parties entitled to receive such notices pursuant to this Bid Procedures Order shall constitute proper, timely, adequate and sufficient notice thereof and satisfies the requirements of sections 105 and 363 of the Bankruptcy Code, Rules 2002, 6004, 7004, 9006 and 9014 of the Bankruptcy Rules and the requirements of the local rules of this Court, and no other or further notice is or shall be required.

26. The Debtor is authorized to make a copy of the executed Purchase Agreement available on the website maintained by the claims and notice agent appointed by the Court.

27. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Bid Procedures Order and the Bid Procedures.

28. Each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale that would violate Section 363(n) of the Bankruptcy Code.

29. In the event the Debtor is unable to obtain Court approval of the Sale Motion or otherwise tender performance to the Successful Bidder, the sole remedy of the Successful Bidder (other than Renwood whose rights are established by the Purchase Agreement) shall be the return of its Sale Deposit.

### ** END OF ORDER **

DAK
G:\All\jjones\WD\Renwood-bid-procedures-order-v9.docx

8

Order Approving Overbid Procedures And Related Matters Re Sale Of Certain Assets Of The Debtor.

**<u>Debtor</u>**
Bill Andronico, CEO
Andronico's Community Markets
1200 Irving Street
San Francisco, CA 94122

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28