JOHN WALSHE MURRAY (074823)
DORIS A. KAELIN (162069)
THOMAS T. HWANG (218678)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: jwmurray@murraylaw.com
Email: dkaelin@murraylaw.com
Email: thwang@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**ANDRONICO'S MARKETS, INC.**,<br>A California Corporation, aka<br>Andronico's Community Markets,<br><br>Debtor.<br><br>1200 Irving Street<br>San Francisco, CA 94122<br><br>Employer Tax I.D. No.: 94-1307395 | Case No. 11-48963-EDJ-11<br><br>Chapter 11<br><br>Date: September 20, 2011<br>Time: 10:30 a.m.<br>Place: United States Bankruptcy Court<br>1300 Clay Street, Courtroom 215<br>Oakland, CA 94612<br>Judge: Honorable Edward D. Jellen |

**MOTION FOR ORDER
(1) MODIFYING BID PROCEDURES, AND (2) AMENDING BID PROCEDURES ORDER**

TO: THE HONORABLE EDWARD D. JELLEN, UNITED STATES BANKRUPTCY JUDGE:

Andronico's Markets Inc., a California corporation, the debtor and debtor in possession herein (the "Debtor"), hereby moves for entry of an order (1) modifying the bid procedures (the "Bid Procedures") previously approved by the Court in this case; and (2) amending the Court's ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTOR entered on September 8, 2011 (the "Bid Procedures Order") with respect to service of the notices of hearing and motion papers with respect to (a) the MOTION BY DEBTOR TO SELL CERTAIN

ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS (the "Sale Motion"), and (b) the MOTION TO AUTHORIZE DEBTOR TO ASSUME AND ASSIGN, OR ALTERNATIVELY, TO REJECT, EXECUTORY CONTRACTS AND UNEXPIRED LEASES (the "Assumption Motion").

This motion (the "Motion") is made pursuant to 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 2002 and 6004. This Motion is supported by the DECLARATION OF WILLIAM R. BRINKMAN IN SUPPORT OF MOTION FOR ORDER (1) MODIFYING BID PROCEDURES, AND (2) AMENDING BID PROCEDURES ORDER (the "Brinkman Declaration") and the DECLARATION OF DORIS A. KAELIN IN SUPPORT OF MOTION FOR ORDER (1) MODIFYING BID PROCEDURES, AND (2) AMENDING BID PROCEDURES ORDER (the "Kaelin Declaration") and will be based on such other evidence and argument as may be presented at the hearing on the Motion.[1]

## I. BACKGROUND SUMMARY[2]

1. The Debtor commenced this Chapter 11 case with the filing of its Voluntary Petition on August 22, 2011 (the "Petition Date") and is presently operating its business as a debtor in possession pursuant to the provisions of Bankruptcy Code Sections 1107 and 1108.

2. An Official Committee of Unsecured Creditors (the "Committee") was appointed in the bankruptcy case on August 26, 2011, and is represented by counsel and a financial advisor.

3. On August 24, 2011, the Debtor filed its MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTOR (the "Bid Procedures Motion") proposing the Bid Procedures[3] to establish certain procedures for presenting

---

[1] At a hearing held by the Court on September 19, 2011, the Court indicated it would hold a hearing on September 20, 2011 at 10:30 a.m. if the Debtor, the Committee and the purchaser were unable to reach a stipulation for the relief requested in this Motion. The Debtor has caused to be uploaded a proposed ORDER SPECIALLY SETTING EMERGENCY HEARING TO CONSIDER (1) MODIFICATION OF BID PROCEDURES, (2) AMENDMENT OF BID PROCEDURES ORDER, AND (3) SHORTENING TIME FOR SERVICE OF SALE RELATED PLEADINGS setting the hearing on this Motion for September 20, 2011, at 10:30 a.m.

[2] Additional background regarding the Company and the proposed sale of its assets is set forth in the Bid Procedures Motion (defined below).

[3] The Bid Procedures, approved by the Bid Procedures Order, are attached as Exhibit "A" to the SECOND DECLARATION OF DORIS A. KAELIN IN SUPPORT OF MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTOR filed on September 8, 2011 [Docket No. 126] (the "Kaelin Bid Procedures Declaration").

competing bids with respect to the Debtor's proposed sale of substantially all of its assets (the "Sale") to Renwood Andronico Lending 1, LLC, a Delaware limited liability company or its designee ("Renwood"), or to the highest bidder following an auction at the hearing on the Sale Motion.

4. The Court entered the Bid Procedures Order on September 8, 2011 [Docket No. 129] approving the Bid Procedures and establishing certain dates pertaining to service of notice and the pleadings related to the Sale.

5. At the time the Bid Procedures were approved and the Bid Procedures Order was entered, the Debtor and Renwood had not yet reached final agreement on the terms of the Asset Purchase Agreement (the "Purchase Agreement").[4]

6. After extensive negotiations, the Debtor and Renwood reached agreement on the final terms of the Purchase Agreement. On September 16, 2011, the Debtor and Renwood executed the Purchase Agreement subject to Court approval of the Sale following the opportunity for overbids.

7. The Bid Procedures presently do not harmonize with the final terms of the Purchase Agreement. Specifically, the Purchase Price (as defined in the Purchase Agreement) has been reduced from $20 million to $16 million. Consequently, the Debtor requires modification to the Bid Procedures in order to accurately reflect the Purchase Price and the corresponding reduced initial minimum bid. In addition, the Debtor requires amendment of the Bid Procedures Order and Bid Procedures before it can file and serve the Sale Motion, the Assumption Motion and related notices. Accordingly the Debtor seeks an order shortening time as set forth below.

## II. RELIEF REQUESTED

8. This Motion requests that the Court modify the Bid Procedures and amend the Bid Procedures Order, and shorten time accordingly, as follows:[5]

---

[4] A true and correct copy of the Purchase Agreement will be attached to a declaration filed in support of the Sale Motion.

[5] A copy of the proposed Bid Procedures as modified herein is attached to the Kaelin Declaration as Exhibit "A" and is incorporated herein by reference, and a black-line version indicating the proposed modifications to the Bid Procedures is attached to the Kaelin Declaration as Exhibit "B" and is incorporated herein by reference. A copy of the black-line version of the proposed Bid Procedures Order as amended herein indicating the proposed amendment to such order is attached to the Kaelin Declaration as Exhibit "C" and is incorporated herein by reference. The summary below

**Bid Procedures:**

*Reduction of Initial Credit Bid Amount set forth at Section A (Stalking Horse Bidder) of the Bid Procedures (affected language is highlighted in bold):*

Original provision: "On September __, 2011, the Debtor and Purchaser entered into the Purchase Agreement for the acquisition of the Assets pursuant to which, among other things: (i) Purchaser agreed to pay **twenty million dollars ($20,000,000)** in a combination of cash and a credit bid against the Debtor's obligations to Purchaser under the DIP Facility and/or the Prepetition Debt (Purchaser shall have the sole discretion to determine whether its credit bid is on account of Prepetition Debt or amounts owed under the DIP Facility) (the "Initial Credit Bid Amount"), which includes (a) the Cure Costs, and (b) assumption of the Assumed Liabilities, including the funding of certain administrative expenses as specified in the Purchase Agreement (collectively, the "Purchase Price") for the Assets, subject to the outcome of the Auction and the entry of an order of the Court ("Sale Order") approving the sale of the Assets and the transfer of the Assumed Liabilities; and (ii) the Debtor agreed, in the event that the Court approves, and the Debtor consummates, the acquisition of substantially all of the Assets by any Person or combination of Persons other than Purchaser (collectively, a "Competing Transaction") to pay the bid protections approved by the Bankruptcy Court in the amount of $250,000 (the "Breakup Fee").

Proposed revision: Clause (i) will be revised to provide "Purchaser agreed to pay **sixteen million dollars ($16,000,000)** ..."

*Reduction of Initial Bid Requirement set forth at Section D-(2)-(ii) (Bid Requirements) of the Bid Procedures (affected language is highlighted in bold):*

Original provision: "If the Bid is for substantially all of the assets, provide for a cash purchase price with respect to all of the Assets in the sum of at least **$20,400,000**, which is comprised of the Purchase Price, plus the Breakup Fee and an initial overbid of $150,000. There is no minimum bid for an offer to purchase less than all of the assets of the Debtor, but if an offer or offers to purchase less than all of the assets is accepted, the Acceptable Bidders shall be responsible

---

addresses only the substantive changes proposed; nonsubstantive changes are reflected in the black-lines to the Kaelin Declaration.

for paying the Breakup Fee."

Proposed revision: "If the Bid is for substantially all of the assets, provide for a cash purchase price with respect to all of the Assets in the sum of at least **$16,400,000...**"

**Bid Procedures Order:**

    a.    In Paragraphs 17, 18 and 20, the Bid Procedures Order requires the Debtor to provide notice of the hearing on the Sale (the "Sale Hearing") and on the Assumption Motion not less than twenty-eight (28) days prior to the date of such Sale Hearing[6], to the parties set forth therein. Additionally, in Paragraph 21, the Bid Procedures Order requires the Debtor to serve the Sale Motion and Assumption Motion, and the supporting pleadings (collectively, the "Pleadings"), on the parties set forth therein, not less than twenty-eight (28) days prior to the date of such Sale Hearing. Due to the ongoing negotiations between the Debtor and Renwood, the terms of the Purchase Agreement were just finalized on September 16, 2011. Based on the need to amend the Bid Procedures as indicated above so the Debtor can mail the final bid procedures as required by the Bid Procedures Order, the Debtor is unable to file and serve the Pleadings and provide the corresponding notice twenty-eight days before the Sale Hearing. Accordingly, the Debtor requests that Paragraphs 17, 18, 20 and 21 of the Bid Procedures Order be modified solely as to the time required for service of notice and the Pleadings such that the Debtor may serve notice of the Sale Hearing and serve the Pleadings not less than twenty-one (21) days prior to the Sale Hearing, or September 22, 2011.

    b.    Paragraphs 22 and 23 provide that the Cure Bar Date and the deadline to file and serve objections to the Sale is September 29, 2011. In light of the reduction in time requested herein for notice of the Sale Hearing, the Debtor requests that the Bid Procedures Order be amended so that the Cure Bar Date and the deadline to file and serve objections to the Sale is October 6, 2011. In addition, pursuant to the Assumption Motion, the Debtor will request authority to reject any executory contract or unexpired lease that is not expressly assumed and assigned to Renwood or other Successful Purchaser. Accordingly, this Motion requests that the Bid Procedures Order also be

---

[6] The Sale Hearing is set on the Court's October 13, 2011 calendar. Twenty-eight (28) days prior to such date was September 15, 2011.

amended to establish October 6, 2011 as the deadline by which any counterparty to an executory contract or unexpired lease shall file and serve objections to rejection of its respective executory contract or unexpired lease.

    c.  In Paragraph 10, the Bid Procedures Order references the Bid Procedures as attached to the Kaelin Bid Procedures Declaration filed on September 8, 2011 [Docket No. 126]. In the instance the Court grants this Motion, the Debtor requests that the Bid Procedures Order be amended to reference the modified Bid Procedures which are attached as Exhibit "A" to the Kaelin Declaration.

### III. DISCUSSION

9. Bankruptcy Code § 363(b) and Rule 6004 of the Federal Rules of Bankruptcy Procedure authorize a debtor to sell assets of the estate other than in the ordinary course of business, after notice and a hearing. See, e.g., Otto Preminger Films, Ltd. v. Qintex Entertainment, Inc. (In re Qintex Entertainment, Inc.), 950 F.2d 1492, 1495 (9th Cir. 1991). In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or public auction. See Fed. R. Bankr. P. 6004(f)(1). Where a sale is made in good faith and upon a reasonable basis "[t]he court will not entertain objections to a trustee's [debtor in possession's] conduct of the estate." In re Curlew Valley Assocs., 14 B.R. 506, 513-514 (Bankr. D. Utah 1981); *see also* In re Southern Biotech, Inc., 37 B.R. 318, 322-23 (Bankr. M.D. Fla. 1983); In re Kabuto Ariz. Props., LLC, 2009 Bankr. LEXIS 4961 at *67 (Bankr. D. Ariz. Dec. 9, 2009) ("Indeed, when applying the 'business judgment' rule, courts show great deference to a debtor's decision-making.").

10. The Debtor believes the relief requested is reasonable under the circumstances. The Debtor and Renwood have negotiated in good faith to finalize the Purchase Agreement, and the relief requested herein is necessary so that the Bid Procedures and the Bid Procedures Order will accurately reflect the terms of the Purchase Agreement.

11. As has been described in earlier filings with the Court, the Debtor has utilized the services of Bailey, Elizondo & Brinkman LLC ("BEBLLC") since October 2010 to serve as its financial and restructuring advisor to assist the Company in the evaluation of restructuring alternatives, negotiation with its lenders, and in canvassing the marketplace for potential investors or

buyers. BEBLLC does not believe that the reduction of the Purchase Price will be detrimental to the auction process or to the proposed sale.

12. As set forth more fully in the Brinkman Declaration, following the Petition Date, BEBLLC sent an initial informational "teaser" to potentially interested bidders indicating terms of the proposed Sale and the current Bid Procedures [See copy attached as Exhibit "A" to the Brinkman Declaration]. BEBLLC has prepared a supplement to the teaser based on the reduced Purchase Price [see copy attached as Exhibit "B" to the Brinkman Declaration] which will be emailed to all persons who received the original teaser (excluding those persons who requested removal from the list, duplicates and the like). With respect to those persons who have indicated interest in the possibility of presenting a bid, BEBLLC is in the process of communicating with such persons with the new Purchase Price and to respond to any questions or concerns by such potential bidders. As set forth in the Brinkman Declaration, BEBLLC has concluded that the decrease of the stalking horse bid to $16 million will not have a meaningful impact, positively or negatively, on potential bidders. Based on the extensive marketing of the opportunity prior to the Petition Date (commencing in February 2011) and continuing into the bankruptcy case, BEBLLC does not believe prolonging the auction process would result in additional bids. As indicated below, BEBLLC believes that any delay in the sale process could very well be detrimental to the bankruptcy estate.

13. The Debtor does not believe that shortened time for notice and service of the Pleadings will prejudice any parties in interest. The Debtor has filed numerous pleadings in this case indicating its intent to sell its assets to Renwood or other highest bidder. Thus, parties in interest are well-apprised of the proposed Sale to be conducted on an expedited timeline.

14. Notice and service of the Pleadings as proposed herein will provide twenty-one (21) days' notice. Federal Rules of Bankruptcy Procedure 2002(a)(2), requires only twenty-one (21) days' notice of a proposed sale of assets, such as the Sale. The Sale Motion will include Section 363(f) relief; however, it is not anticipated that any affected lienholder will object to the Sale. The Debtor also believes that twenty-one (21) days will afford ample notice to the parties to executory contracts and unexpired leases of the Debtor's intent to assume and assign, or to reject, its executory contracts and unexpired leases. Moreover, pursuant to this Motion, the Debtor requests that the Bid

TTH
R:\AndronicoS\Pld\Mot-bid-procedures\Amend\v2.doc
7
MOTION FOR ORDER (1) MODIFYING BID PROCEDURES, AND (2) AMENDING BID PROCEDURES ORDER

Case: 11-48963   Doc# 178   Filed: 09/19/11   Entered: 09/19/11 20:51:08   Page 7 of 9

Procedures Order be amended so that the Cure Bar Date and the deadline for parties to file and serve objections to the Sale is extended a week to October 6, 2011.

15. The Debtor believes it is critical that the Sale go forward as scheduled on October 13, 2011. The Purchase Agreement requires the Debtor to close the Sale by October 21, 2011. A closing as soon as possible in October is critical to Renwood, and is anticipated to be critical to other bidders, because of the seasonal nature of the business (November and December being the busiest months for the business). Consequently, postponement of the Sale Hearing could render the Sale less attractive to potential bidders.

16. Furthermore, in connection with the Purchase Agreement and the Sale, and pursuant to that certain DEBTOR IN POSSESSION CREDIT AGREEMENT (the "DIP Credit Agreement") and approval by the Court, the Debtor is authorized to use cash collateral and borrow up to $5 million in a DIP credit facility (the "DIP Credit Facility") provided by Renwood to provide ongoing working capital to the Debtor pending the Sale. The Debtor is reliant on the DIP Credit Facility to fund its operations. Any delay in the closing the Sale would cause the estate to incur additional cost and would be detrimental to the estate. Further, the milestones in the DIP Credit Facility require that the Debtor adhere to agreed upon timeframes on which to complete certain activities and actions. Among these milestones is that the Court enter orders granting the Sale Motion and Assumption Motion on or before October 13, 2011, and the Sale must close on or before October 21, 2011. The DIP lender has informed the Debtor that it failed to meet one of the required Borrower Milestones which required that the filing of the Sale Motion and the Assumption Motion by September 6. The DIP lender subsequently informed the Debtor that the DIP lender does not consent to any payments other than those related to operations until the Borrower cures the defaults. If the DIP lender were to restrict the Debtor's access to the DIP Credit Facility to fund operations, it is unlikely that the Debtor would be able to operate.

17. The DIP Credit Facility matures at the earliest of: (a) October 31, 2011, (b) the effective date (b) the effective date of a plan of reorganization or liquidation for Borrower, (c) the date that is 30 days after entry of the Interim Financing Order if the Final Financing Order has not been entered by that date, (d) the sale of a material portion of the Borrower's assets in one or more

transactions under Section 363 of the Bankruptcy Code, or (e) the due date determined pursuant to Section 8.2 of the DIP Credit Agreement. If the sale of the Debtor's assets is delayed, the DIP Credit Facility may expire and may not be available to the Debtor to fund its operations. Accordingly, any delay of the Sale Hearing will likely be detrimental to the Debtor's customers, vendors and employees, and to the estate as a whole.

**WHEREFORE**, the Debtor respectfully requests the Court enter its order:

1. Granting this Motion;

2. Modifying the Bid Procedures on the terms set forth at Paragraph 8 above and substantially in the form of Exhibit "A" to the Kaelin Declaration;

3. Amending the Bid Procedures Order as set forth at Paragraph 8 above and as reflected in the black-line attached as Exhibit "C" to the Kaelin Declaration; and

4. For such other relief as the Court deems appropriate.

Dated: September 19, 2011    **MURRAY & MURRAY**
　　　　　　　　　　　　　　　A Professional Corporation

　　　　　　　　　　　　　　　By: */s/ Doris A. Kaelin*
　　　　　　　　　　　　　　　　　　Doris A. Kaelin
　　　　　　　　　　　　　　　　　　Attorneys for Debtor