JOHN WALSHE MURRAY (074823)
DORIS A. KAELIN (162069)
THOMAS T. HWANG (218678)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: jwmurray@murraylaw.com
Email: dkaelin@murraylaw.com
Email: thwang@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>**ANDRONICO'S MARKETS, INC.,**<br>A California Corporation, aka<br>Andronico's Community Markets,<br><br>Debtor.<br><br>1200 Irving Street<br>San Francisco, CA 94122<br><br>Employer Tax I.D. No.: 94-1307395 | Case No. 11-48963-EDJ-11<br><br>Chapter 11<br><br>*[No Hearing Required]* |

**EX PARTE MOTION FOR ORDER FURTHER AMENDING BID PROCEDURES ORDER**

**TO: THE HONORABLE EDWARD D. JELLEN, UNITED STATES BANKRUPTCY JUDGE:**

Andronico's Markets Inc., a California corporation, the debtor and debtor in possession herein (the "Debtor"), hereby submits the following ex parte motion (the "Ex Parte Motion") requesting entry of an order amending the Court's AMENDED ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTOR entered on September 20, 2011 (the "Bid Procedures Order"). In support of this Ex Parte Motion, the Debtor submits the DECLARATION OF THOMAS T. HWANG IN SUPPORT OF EX PARTE MOTION FOR ORDER FURTHER AMENDING BID PROCEDURES ORDER (the "Hwang Declaration") filed concurrently

herewith, and respectfully represents the following:

## I. BACKGROUND SUMMARY

1. The Debtor commenced this Chapter 11 case with the filing of its Voluntary Petition on August 22, 2011 (the "Petition Date") and is presently operating its business as a debtor in possession pursuant to the provisions of Bankruptcy Code Sections 1107 and 1108.

2. An Official Committee of Unsecured Creditors (the "Committee") was appointed in the bankruptcy case on August 26, 2011, and is represented by counsel and a financial advisor.

3. On August 24, 2011, the Debtor filed its MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTOR (the "Bid Procedures Motion") proposing to establish certain procedures (together with all modifications as modified by the Court, the "Bid Procedures") for presenting competing bids with respect to the Debtor's proposed sale of substantially all of its assets (the "Sale") to Renwood Andronico Lending 1, LLC, a Delaware limited liability company or its designee ("Renwood"), or to the highest bidder following an auction at the hearing on the Sale Motion (as defined below).

4. The Court entered an order on September 8, 2011 [Docket No. 129] (the "Original Bid Procedures Order") approving the Bid Procedures Motion and the Bid Procedures and establishing certain dates pertaining to service of notice and the pleadings related to the Sale.

5. At the time the Bid Procedures were approved and the Original Bid Procedures Order was entered, the Debtor and Renwood had not yet reached final agreement on the terms of the Asset Purchase Agreement (the "Purchase Agreement").

6. On September 16, 2011, the Debtor and Renwood executed the Purchase Agreement subject to Court approval of the Sale following the opportunity for overbids. The final terms of the Purchase Agreement required certain modification of the Bid Procedures and the Original Bid Procedures Order. Consequently, the Debtor filed its MOTION FOR ORDER (1) MODIFYING BID PROCEDURES, AND (2) AMENDING BID PROCEDURES ORDER [Docket No. 178] (the "Bid Procedures Modification Motion") which was approved by the Court at a hearing on September 20, 2011. Subsequently, the Court entered its AMENDED ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTOR [Docket No. 183] (the "Bid

Procedures Order") approving the Bid Procedures as modified[1] and establishing certain dates pertaining to service of notice and the pleadings related to the Sale.

7. Among other things, the Bid Procedures Order provides as follows:

> Not later than twenty-one (21) days prior to the Sale Hearing[2], in addition to the Sale Mailing List[3], the Debtor shall cause the Sale Notice to be sent by first-class mail, postage-prepaid, to all persons on the Debtor's creditor matrix, all persons who have filed proofs of claim, and persons who have filed a request for special notice in the case.

[Bid Procedures Order, at ¶18].

8. On September 20, 2011, the Debtor filed its MOTION BY DEBTOR TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS (with all supporting papers, the "Sale Motion"), its NOTICE OF HEARING ON PROPOSED SALE OF CERTAIN ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, ESTABLISHMENT OF SALE OVERBID PROCEDURES AND OPPORTUNITY FOR OVERBID AT AUCTION (the "Sale Notice"), and its MOTION TO AUTHORIZE DEBTOR TO ASSUME AND ASSIGN, OR ALTERNATIVELY REJECT, EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF CERTAIN ASSETS (11 U.S.C. §§ 363 AND 365) (with all supporting papers, the "Assumption and Rejection Motion" and together with the Sale Motion, the "Sale Pleadings").

9. On September 21, 2011, the Debtor caused to be delivered to its service agent, the

---

[1] The Bid Procedures approved by the Bid Procedures Order are attached as Exhibit "A" to the DECLARATION OF DORIS A. KAELIN IN SUPPORT OF MOTION FOR ORDER (1) MODIFYING BID PROCEDURES, AND (2) AMENDING BID PROCEDURES ORDER [Docket No. 178] filed in support of the Bid Procedures Modification Motion.

[2] As established in the Bid Procedures Order, the date of the hearing on the Sale (the "Sale Hearing") is October 13, 2011.

[3] As defined in the Bid Procedures Motion, the "Sale Mailing List" includes the following: (i) any creditors' committee appointed in the case and its counsel; (ii) all entities that claim any lien on the Debtor's assets, including parties asserting PACA claims; (iii) all parties to executory contracts and unexpired leases which the Debtor may seek to assume and assign to the Successful Purchaser (as defined in the Bid Procedures); (iv) all governmental taxing authorities that have, or as a result of the sale of any of the Debtor's assets may have, claims, contingent or otherwise, against the Debtor; (v) all parties that filed requests for notices or have appeared under Bankruptcy Rules 2002 and/or 9010(b); (vi) all interested governmental and pension entities; (vii) the Office of the United States Trustee; (viii) Renwood's counsel; (ix) to the extent practicable, all entities which within the 12 months prior to the Petition Date have expressed to the Debtor an interest in purchasing any of the Purchased Assets; and (x) any other persons designated by Renwood.

Sale Pleadings, including the Sale Notice, for duplication and mailing by September 22, 2011 in accordance with the Bid Procedures Order.

10. On the morning of September 23, 2011, the Debtor was advised by its service agent that it inadvertently, but erroneously, applied insufficient postage on the Sale Notice. Consequently, the Sale Notice was not mailed on September 22, 2011 and was not served on such date.[4]

11. On September 23, 2011, the Debtor caused the Sale Notice to be served with proper postage as set forth by the Certificate of Service filed on September 23, 2011 [Docket No. 216].

## II. RELIEF REQUESTED

12. This Ex Parte Motion requests that the Court amend the Bid Procedures Order, and shorten time accordingly, solely as to the time required for service of the Sale Notice such that the Debtor's service of the Sale Notice on the parties designated in the Bid Procedures Order (the "<u>Sale Notice List</u>") not less than twenty (20) days prior to the Sale Hearing, or September 23, 2011, is deemed adequate.

13. The Debtor believes that the relief requested is reasonable under the circumstances and that shortened time for service of the Sale Notice will not prejudice any parties in interest. In amending the Bid Procedures Order, as requested by this Ex Parte Motion, time would be shortened by only one (1) day. The Sale Notice still was timely served with the Sale Pleadings via United States Postal Service priority mail, to those parties in interest whom are more directly affected by the Sale Motion, thereby providing twenty-one (21) days' notice of the Sale to such parties. In addition, potential interested bidders were served via email with the Sale Pleadings on September 21, 2011 (i.e., twenty-two (22) days prior to the Sale Hearing), and all parties who receive electronic notice via the Court's ECF system in this case, also received the Sale Pleadings on September 21, 2011. With respect to the remaining parties on the Sale Notice List receiving only the Sale Notice, the Debtor believes that twenty (20) days, as opposed to twenty-one (21), still affords ample notice to such parties.

---

[4] The Sale Notice, however, was timely served on all parties who received the Sale Pleadings including the Committee and its counsel; the Office of the United States Trustee; counsel for Renwood; entities that claim any lien on the Debtor's assets, including PACA claimants; parties to executory contracts and unexpired leases; governmental taxing authorities; parties requesting special notice; interested governmental and pension entities; and interested bidders).

### III. REQUEST FOR ORDER SHORTENING TIME FOR NOTICE

14. Pursuant to Federal Rule of Bankruptcy Procedure 9006(c) and the Bankruptcy Local Rules for the United States District Court for the Northern District Court of California ("B.L.R."), B.L.R. 9006-1(c), the Court may shorten time for notice upon a showing of good cause for such shortened time.

15. As set forth in the Hwang Declaration submitted herewith, the following is provided in compliance with B.L.R. 9006-1(c):

    A. <u>The reason for the requested shortened time</u>. As discussed above, the Debtor requires shortened time due to the inadvertent error causing a one-day delay in serving the Sale Notice on the Sale Notice List parties.

    B. <u>Previous time modifications relating to subject matter of request</u>. The Bid Procedures Motion initially sought a shortening of time to twenty-one (21) days. With the scheduling of the Sale Hearing for October 13, 2011 the Original Bid Procedures Order provided that twenty-eight (28) days' notice of the Sale would be provided. Subsequently, the Bid Procedures Modification Motion sought a shortening of time to twenty-one (21) days for service of the Sale Pleadings and the Sale Notice which was granted pursuant to the Bid Procedures Order.

    C. <u>The effect of the request for shortened time</u>. The Debtor does not anticipate any adverse impact on the schedule brought by the within request for shortened time. As discussed above, the Debtor timely served the Sale Pleadings, including the Sale Notice, in accordance with the Bid Procedures Order via United States Postal Service priority mail, to those parties in interest whom are more directly affected by the Sale Motion, thereby providing twenty-one (21) days' notice of the Sale to such parties. Moreover, potential interested bidders and all parties who receive electronic notice via the Court's ECF system in this case were served electronically with the Sale Pleadings twenty-two (22) days prior to the Sale Hearing. The Debtor still will have provided twenty (20) days' notice of the Sale to remaining parties on the Sale Notice List pursuant to the relief requested herein.

    D. <u>Efforts to speak with responding parties</u>. As set forth in the Hwang Declaration, Debtor's counsel has communicated with John D. Fredericks, counsel for the

Committee, Lynette C. Kelly, attorney-advisor for the Office of the United States Trustee, and Jeanette L. Thomas, counsel for Renwood, regarding the relief requested herein. Mr. Fredericks, Ms. Kelley and Ms. Thomas have indicated that they do not object to amending the Bid Procedures Order and shortening time for service of the Sale Notice by one day so that the Debtor's service of the Sale Notice on September 23, 2011 is deemed adequate.

E. <u>Service of the Sale Notice</u>. As set forth above, the Debtor caused the Sale Notice to be served on the Sale Notice List, on September 23, 2011. Accordingly, the Debtor seeks to amend the Bid Procedures Order such that service of the Sale Notice on September 23, 2011, twenty (20) days prior to the Sale Hearing, shall be deemed adequate.

**WHEREFORE**, the Debtor respectfully requests the Court enter its order:

1. Amending the Bid Procedures Order such that the Debtor's service of the Sale Notice on the Sale Notice List parties twenty (20) days prior to the Sale Hearing, or September 23, 2011, is deemed adequate under the circumstances;

2. Finding that, based on the nature of the amendment requested by this Ex Parte Motion, no service of an order on this Ex Parte Motion shall be required; and

3. For such other relief as the Court deems appropriate.

Dated: September 28, 2011  **MURRAY & MURRAY**
A Professional Corporation

By: */s/ Thomas T. Hwang*
Thomas T. Hwang
Attorneys for Debtor